**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

DOUGHNUTTERY INC.                                    :
                                                     :
                              Plaintiff,             :
                                                     :        **Civil Action No. 19-cv-448**
              - against -                            :
                                                     :
BROOKLYN DOUGHNUTRY INC.                              :
                                                     :        **JURY TRIAL DEMANDED**
                              Defendants.             :
---------------------------------------------------------- X

## COMPLAINT

Plaintiff, Doughnuttery Inc. ("Doughnuttery" or "Plaintiff"), by and through its attorneys, Lackenbach Siegel, LLP, for its complaint against defendant, Brooklyn Doughnutry Inc. ("BDI" or "Defendant"), hereby alleges as follows:

## NATURE OF ACTION

1.      In this action, Plaintiff  seeks injunctive relief, lost profits, damages and attorneys' fees for Defendant's acts of willful trademark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and trademark infringement and dilution, injury to business reputation and dilution, and unfair competition under the common law and statutes of the State of New York.

## THE PARTIES, JURISDICTION, AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338, and 1367.

3.      Plaintiff is a corporation organized under the laws of the State of New York, having its principle place of address in Westport, Connecticut.

4.      The actions of Defendant complained of in this Complaint have been and continue to be committed within the Eastern District of New York.

5.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, having its principal business addresses at 50 Malcolm X Blvd., Brooklyn, New York 11221, and at 1230 Avenue Y, Apt. D20, Brooklyn, New York 11235.

6.      Upon information and belief, Defendant supplies goods and/or services, and/or transacts business, in New York and within this judicial district, and the tortious acts of Defendant complained of herein, including, without limitation, the willful and illegitimate use of Plaintiff's trademark and goodwill, have caused harm to Plaintiff within this judicial district.

7.      Based upon Defendant's sale of infringing goods and provision of infringing services into this judicial district through its retail store in Brooklyn, New York, personal jurisdiction exists over Defendant pursuant to CPLR § 301 and 302.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9.      Plaintiff operates, together with and through its related entities, an enterprise of retail doughnut shops within New York City, provides catering and event services in New York City and throughout the metropolitan New York area, and sells and distributes doughnuts wholesale to third party retailers under plaintiff's house trade mark DOUGHNUTTERY ("Plaintiff's Trademark").

10.     Plaintiff commenced using Plaintiff's Trademark in U.S. commerce on or about November 28, 2012.

2

11.     Plaintiff is the owner of two U.S. Trademark Registrations for Plaintiff's Mark (collectively the "Registrations"):

(a)     Plaintiff is the owner of United States Trademark Registration No. 4547286 for Plaintiff's Trademark for use in connection with "Donuts; sugar; dipping sauces; donut dogs, namely, hot dogs with a donut base; donut bread pudding; donut cheese sticks, namely, cheese sticks with a donut base" (collectively "Plaintiff's Goods") in International Class 30.

(b)     Plaintiff is the owner of United States Trademark Registration No. 4537214 for Plaintiff's Trademark for use in connection with "Restaurant services, namely, providing of food and beverages for consumption on and off the premises" (collectively "Plaintiff's Services") in International Class 43. (Plaintiff's Goods and Plaintiff's Services are now collectively referred to as "Plaintiff's Goods and Services.")

12.     The Registrations were issued by the United States Patent and Trademark office in 2014.

13.     Plaintiff has used Plaintiff's Trademark openly, notoriously, and continuously in interstate commerce since the dates of first use set forth in the Registrations, and such use began prior to any of the acts of Defendant complained of herein.

14.     Plaintiff has advertised and otherwise promoted Plaintiff's Trademark extensively since its first use through various media channels and product placement.

15.     Plaintiff's Goods and Services bearing Plaintiff's Trademark have been sold extensively since Plaintiff first began using Plaintiff's Trademark.

16.     Plaintiff's Goods and Services bearing Plaintiff's Trademark have been the subject of unsolicited media coverage.

17.     Because of Plaintiff's extensive use and promotions of Plaintiff's Trademark, and in light of the unsolicited media coverage and notoriety pertaining to Plaintiff's Goods and Services, and Plaintiff's Trademark, Plaintiff's Trademark has become distinctive and prominent, and indicates a single source of origin of Plaintiff's Goods and Services, and has acquired a secondary meaning.

18.     Plaintiff currently uses Plaintiff's Trademark and has not abandoned Plaintiff's Trademark.

19.     The Registrations are valid and subsisting.

**Defendant's Infringing Activities**

20.     Defendant owns and operates a doughnut shop in Brooklyn, which has operated and currently operates under the name BROOKLYN DOUGHNUTRY ("Defendant's Infringing Mark").

21.     The goods marketed and sold under and/or in connection with Defendant's Infringing Mark consist of doughnuts and other related products such as beverages (collectively "Defendant's Goods").

22.     Upon information and belief, Defendant commenced using Defendant's Infringing Mark in connection with Defendant's Goods in or about March 2017.

23.     Upon information and belief, Defendants were aware of Plaintiff and Plaintiff's use of Plaintiff's Trademark in connection with Plaintiff's Goods and Services at the time Defendant adopted and began to use Defendant's Infringing Mark in connection with Defendant's Goods.

24.     Upon information and belief, Defendant adopted Defendant's Infringing Mark with the intent to deceive consumers and to cause confusion among purchasers, for the purpose

of benefitting from the goodwill and public recognition associated with Plaintiff's Trademark and diverting sales from Plaintiff to Defendant.

25.     The aforementioned acts of Defendant is causing, and will continue to cause, a likelihood of confusion in the minds of the trade and the public, and is damaging, and will damage, Plaintiff's reputation and goodwill in connection with Plaintiff's Trademark.

## COUNT I
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

26.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

27.     Plaintiff is the owner of the Registrations.

28.     Plaintiff's Trademark, and the Registrations, are valid and subsisting.

29.     Plaintiff commenced using Plaintiff's Trademark on November 28, 2012, and has continuously used Plaintiff's Trademark in commerce since November 28, 2012.

30.     Plaintiff adopted and used Plaintiff's Trademark prior to the date on which Defendant commenced using Defendant's Infringing Mark.

31.     Defendant's Infringing Mark is confusingly similar to Plaintiff's Trademark in sight, sound, and connotation.

32.     Plaintiff's Trademark "DOUGHNUTTERY" and the distinctive part of Defendant's Infringing Mark "DOUGHNUTRY" are nearly identical, and on information and belief, constitute different spellings of the same word.

33.     Plaintiff's Trademark is a strong trademark, based on both its inherent strength and commercial strength.

34.     Plaintiff's Goods and Services are identical to Defendant's Goods.

35.     Plaintiff's Goods and Services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendant's Goods.

36.     Upon information and belief, Defendant was aware of Plaintiff and of Plaintiff's use of Plaintiff's Trademark prior to the time Defendant selected and commenced using Defendant's Infringing Mark.

37.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, the continuous and substantial use, advertising and unsolicited media coverage of Plaintiff's Trademark, and the relatedness of the parties' goods, Defendant had prior knowledge of Plaintiff and Plaintiff's use of Plaintiff's Trademark, and Defendant's actions thus constitute willful trademark infringement.

38.     As a result of Defendant's conduct, a strong likelihood of confusion, mistake, and/or deception exists, in that many persons familiar with Plaintiff's Trademark are likely to buy Defendant's Goods in the mistaken belief that Defendant is affiliated with or sponsored by Plaintiff, and/or that Defendant's Goods originate from Plaintiff or are provided by or otherwise authorized or sponsored by Plaintiff.

39.     By virtue of Defendant's conduct, Defendant is engaged in infringement of Plaintiff's Trademark and Registrations, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion or mistake, or to deceive.

40.     Defendant intends to make, and has made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Plaintiff has been and will be deprived of rights and profits which otherwise would have come to Plaintiff, but for such infringements.

41.     Plaintiff has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of

money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendant continues its wrongful conduct.

42.     Defendant's acts are willful, malicious and wanton and Defendant will continue its acts of willful infringement unless enjoined by this Court.

43.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendant's wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct, and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT II**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
**FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a))**

44.     Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

45.     Plaintiff is the owner of Plaintiff's Trademark and the Registrations.

46.     Plaintiff's Trademark is inherently distinctive.

47.     Plaintiff's Trademark has acquired distinctiveness and a secondary meaning.

48.     Plaintiff commenced using Plaintiff's Trademark on November 28, 2012, and has continuously used Plaintiff's Trademark in commerce since November 28, 2012.

49.     Plaintiff adopted and used Plaintiff's Trademark prior to the date on which Defendant commenced using Defendant's Infringing Mark.

50.     Defendant's offering of goods and services and its sale of products using Defendant's Infringing Mark creates a likelihood of confusion with Plaintiff, Plaintiff's Trademark, and in connection with Plaintiff's offering of Plaintiff's Goods and Services.

51.     Defendant's Infringing Mark is confusingly similar to Plaintiff's Trademark in sight, sound, and connotation.

52.     Plaintiff's Trademark "DOUGHNUTTERY" and the distinctive part of Defendant Infringing Mark "DOUGHNUTRY" are nearly identical, and on information and belief, constitute different spellings of the same word.

53.     Plaintiff's Goods and Services are identical to Defendant's Goods.

54.     Plaintiff's Goods and Services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of customers as Defendants' Goods.

55.     Upon information and belief, Defendant was aware of Plaintiff and of Plaintiff's use of Plaintiff's Trademark prior to the time Defendant selected and commenced using Defendant's Infringing Mark.

56.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, the continuous and substantial use, advertising and unsolicited media coverage of Plaintiff's Trademark, and the relatedness of the parties' goods, Defendant had prior knowledge of Plaintiff and Plaintiff's use of Plaintiff's Trademark, and Defendant's actions thus constitute willful trademark infringement.

57.     The acts of Defendant constitutes willful infringement of Plaintiff's Trademark, and the use of a false designation of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendant, Defendant's Infringing Mark, and/or Defendant's Goods are in some manner affiliated with, originate from, and/or are sponsored by Plaintiff, and

by misrepresenting the nature and/or origin of Defendant's Goods, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

58.     The acts of Defendant have caused irreparable harm and damage to Plaintiff and will continue to cause irreparable harm to Plaintiff, and have caused and will continue to cause Plaintiff to suffer monetary damage in an amount thus far not determined.

59.     Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

60.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendant's wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, and when, and to the extent the damages are ascertained.

## COUNT III
## USE OF NAME WITH INTENT TO DECEIVE
### (NY Gen. Bus. Law § 133)

61.     Plaintiff repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

62.     Plaintiff is the owner of Plaintiff's Trademark, which is valid and subsisting.

63.     Plaintiff's Trademark identifies, and is the name of Plaintiff.

64.     Defendant uses Defendant's Infringing Mark in commerce.

65. Upon information and belief, Defendant was aware of Plaintiff and of Plaintiff's use of Plaintiff's Trademark prior to the time that Defendant selected and commenced using Defendant's Infringing Mark.

66. Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, the continuous and substantial use, advertising and unsolicited media coverage of Plaintiff's Trademark, and the relatedness of the parties' goods, Defendant adopted, has used, and is using Defendant's Infringing Mark with the intent of causing confusion among consumers with the purpose of benefitting from Plaintiff's reputation and goodwill.

67. Upon information and belief, based upon the foregoing, Defendant has used and is using Defendant's Infringing Mark in bad faith.

68. Upon information and belief, based upon the foregoing, Defendant has used and is using Defendant's Infringing Mark with the intent to cause confusion and to deceive the public.

69. Defendant's use of Defendant's Infringing Mark has created and creates the likelihood of confusion.

70. The foregoing acts of Defendant constitute a violation of New York Gen. Bus. Law. ' 133, for which Plaintiff is entitled to injunctive relief.

**COUNT IV**
**COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

71. Plaintiff repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

72. Plaintiff is the owner of Plaintiff's Trademark, which is valid and subsisting.

73. Plaintiff's Trademark is inherently distinctive and has acquired a secondary meaning.

10

74.     Plaintiff commenced using Plaintiff's Trademark on November 28, 2012, and has continuously used Plaintiff's Trademark in commerce since November 28, 2012.

75.     Plaintiff adopted and used Plaintiff's Trademark prior to the date on which Defendant commenced using Defendant's Infringing Mark.

76.     Plaintiff's Trademark and Defendant's Infringing Mark are similar in sight, sound, and connotation.

77.     Plaintiff's Trademark "DOUGHNUTTERY" and the distinctive part of Defendant Infringing Mark "DOUGHNUTRY," are nearly identical, and on information and belief constitute different spellings of the same word.

78.     Plaintiff's Trademark and Defendant's Infringing Mark are confusingly similar.

79.     Upon information and belief, the acts of Defendant were committed willfully, intentionally, and with bad faith, based upon, without limitation, the similarity of the parties' respective marks, the continous and substantial use, advertising and unsolicited media coverage of Plaintiff's Trademark, and the relatedness of the parties' goods.

80.     Upon information and belief, Defendant intentionally misappropriated Plaintiff's Trademark with the intent of causing confusion, mistake and deception as to the source of Defendant's Infringing Mark and Defendant's Goods, with the intent to palm-off Defendant's Goods as those of Plaintiff's, and to misappropriate the efforts and good will of Plaintiff.

81.     The acts of Defendant have created a likelihood of confusion.

82.     The acts of Defendant, including Defendant's use of Defendant's Infringing Mark, constitutes trademark infringement in violation of the common law of the State of New York.

83.     The acts of Defendant, including Defendant's use of Defendant's Infringing Mark, constitutes unfair competition in violation of the common law of the State of New York.

84.     The foregoing acts of Defendant has injured, and will continue to injure Plaintiff by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendant's Infringing Mark and Defendant's Goods as Plaintiff's Trademark and Plaintiff's Goods, all in violation of the common law of the State of New York.

85.     Defendant's acts have caused irreparable harm and damage to Plaintiff and have caused Plaintiff monetary damage in an amount thus far not determined, for which Plaintiff is entitled to its actual damages, Defendant's profits, punitive damages, attorneys' fees and costs.

86.     Plaintiff has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

87.     Notwithstanding the inadequacy and difficulty of presently fully ascertaining Plaintiff's monetary damages caused by Defendant's wrongful conduct, Plaintiff is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff. Plaintiff seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when, and to the extent the damages can be, and are ascertained.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.      That Defendant's conduct serves to infringe Plaintiff's Trademark and Registrations in violation of Lanham Act § 32, 15 U.S.C. § 1114.

B.      That Defendant's conduct serves to infringe Plaintiff's Trademark, falsely designate the origin of Defendant's Goods, falsely describe such goods, and unfairly compete with Plaintiff, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

C.      That Defendant used Defendant's Infringing Mark with the intent to cause confusion and to deceive the public in violation of New York Gen. Bus. Law. § 133.

D.      That Defendant has injured Plaintiff by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendant's Infringing Mark and Defendant's Goods as Plaintiff's Trademark and Plaintiff's Goods, all in violation of the common law of the State of New York.

E.      That Defendant its directors, officers, members, managers, employees, attorneys, agents, servants, parents, subsidiaries, affiliates, successors, heirs, assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from directly or indirectly:

i.   Using Plaintiff's Trademark, or any other marks which are similar to or are colorable imitations of Plaintiff's Trademark, alone or as a part of, or together with, any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design, such as without limitation, Defendant's Infringing Mark;

ii.  Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendant's Goods and services; and

iii. Otherwise unfairly competing with Plaintiff.

F.      That the Court issue an Order directing Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendant of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

G.      That the Court award judgment in favor of Plaintiff for the damages sustained by Plaintiff and the profits made by Defendant as a result of Defendant's wrongful conduct.

H.      That the Court award judgment in favor of Plaintiff in the amount of treble damages.

I.      That the Court award judgment against Defendant for the full costs of this action, including reasonable attorneys' fees.

J.      That the Court award to Plaintiff punitive damages sufficient to deter Defendant from committing such willful acts of infringement in the future.

K.      That this Court require a full and complete accounting of all monies received by Defendant as a result of the sales under Defendant's Infringing Mark.

L.      For interest on all amounts found to be due to Plaintiff from Defendant, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

M.      That the Court require Defendant to notify its commercial associates, suppliers, and customers of said Order.

N.      That the Court order such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

O.      That the Court retain jurisdiction of this action for the purpose of allowing Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for

the modification of any such order, for the enforcement or compliance therewith, and/or for the punishment of any violations thereof.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial of all issues so triable.

Dated:  Scarsdale, New York
        January 23, 2019

                        Respectfully submitted,

                        **LACKENBACH SIEGEL LLP**

                By: */s/ Jeffery M. Rollings*
                        Robert B. Golden (RG6157)
                        Jeffrey M. Rollings (JR6940)
                        One Chase Road
                        Lackenbach Siegel Bldg., Penthouse Fl.
                        Scarsdale, New York 10583
                        (914) 723-4300
                        (914) 725-5674 (fax)
                        RGolden@LSLLP.com
                        JRollings@LSLLP.com
                        *Attorneys for Doughnuttery, Inc.*